UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DWAYNE RANSOM DAVIS, *et al.*, ) | |
|    *Plaintiffs*, ) | |
| ) | |
|    *vs.* ) | 1:10-cv-1303-JMS-DML |
| ) | |
| COUNTRYWIDE HOME LOANS, INC., *et al.*, ) | |
|    *Defendants.* ) | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Presently before the Court is Defendant Countrywide Home Loans, Inc.; Bank of America., N.A.; BAC GP, LLC; and BAC Home Loans Servicing, LP's (collectively, "Countrywide")[1] Motion to Dismiss Plaintiff Dwayne Ransom Davis and Melisa Davis' Complaint. [Dkt. 13.]

### I.
### BACKGROUND

In March 2007, the Davises mortgaged their home with Countrywide. [Dkt. 1 at 3 ¶ 7.] The Davises defaulted on their monthly payments, and Countrywide filed a foreclosure action in Rush Superior Court in January 2008. [Dkts. 1 at 12 ¶ 52; 1-1.]

In April 2008, Countrywide filed a motion for summary judgment in the foreclosure action. [Dkt. 1 at 13 ¶ 53.] Countrywide designated an affidavit executed by Keri Selman to support its request for summary judgment. [*Id.*] Ms. Selman attested, in relevant part,

1. I am the Assistant Vice President of the Plaintiff-Mortgagee herein and in that capacity am familiar with the books and records of Plaintiff, have personally examined the same, and am duly authorized to make this affidavit on behalf of Plaintiff and, if sworn as a witness, could competently testify to the facts contained herein.

2. I have read the allegations in the Complaint, examined all exhibits, have personal knowledge of the facts stated therein and state that all of the allegations of the Complaint are true of my own personal knowledge.

---

[1] The Davises make no distinction between the Defendants in their Complaint or their briefing.

[Dkts. 1 at 13 ¶ 54; 1-2 at 1.]

In July 2009, Countrywide filed an updated affidavit signed by Melissa Viveros. [Dkt. 1 at 15 ¶ 62.] The substance of Ms. Viveros' affidavit was "essentially identical" to Ms. Selman's attestations. [Dkt. 1 at 16 ¶ 63.] Ms. Viveros asserted that she was the "Vice President of the Plaintiff-Mortgagee." [Dkts. 1 at 16 ¶ 1; 1-3 at 1.]

The Rush Superior Court approved the foreclosure on the Davises' home in September 2009, and it was later sold in a sheriff's sale. [Dkts. 1 at 18 ¶ 71; 14 at 3.] The Davises filed a motion for relief from judgment in June 2010, arguing, among other things, that Ms. Selman and Ms. Viveros' affidavits "both contain misrepresentations that warrant relief from judgment." [Dkt. 39-1 at 5.] The state court denied the Davises' motion for relief from judgment. [Dkt. 39-3 at 1.]

In October 2010, the Davises filed a Complaint against Countrywide in federal court.[2] [Dkt. 1.] The Davises' Complaint alleges that Ms. Viveros' affidavit—which is "essentially identical" to Ms. Selman's affidavit—was "perjured on its face in a number of ways." [Dkt. 1 at 17 ¶ 64, 66.] Specifically, the Davises contend that Ms. Selman and Ms. Viveros are "known

---

[2] Plaintiffs' Complaint is styled as a class action and asserts certain "class action allegations" in addition to the allegations specific to the Davises. [*See e.g.*, dkt. 1 at 4.] To date, however, the Davises have not filed a motion to certify a class. Plaintiffs' decision to wait to move to certify the class until after the Court's ruling on Countrywide's motion to dismiss is intentional. [*See* dkt. 41 at 6 (parties' agreed case management plan setting the deadline for the Davises to move for class certification at "120 days after a ruling by the Court on Defendants' pending motion to dismiss").] Because the Court ultimately finds that the Davises' claims must be dismissed and no motion to certify a class is pending, "the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation." *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008); *see also Sheridan v. Marathon Petroleum Co., LLC,* 530 F.3d 590, 592, 596 (7th Cir. 2008) (affirming trial court's dismissal of "entire suit" for failure to state a claim before motion to certify class was filed); *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1085-86 (7th Cir. 1992) (finding parties' decision to defer class certification until after district court ruled on merits relevant to holding that district court should have dismissed class action after named plaintiff's claim dismissed). Because no motion to certify is pending, the Court will focus on the allegations specific to the Davises.

robo-signer[s]" who did not have personal knowledge of the matters they attested to regarding the Davises' foreclosure. [Dkt. 1 at 15, 17.] Based on these allegations, the Davises contend that Countrywide violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Fair Debt Collection Practices Act ("FDCPA"). Both of the Davises' claims rely on the alleged misrepresentations in the affidavits. [*See, e.g.*, dkt. 1 at 19 ¶¶ 76-77, 23 ¶ 85.] Although the Davises admit that the "fraudulent activity occurred in the foreclosure proceedings," they do not seek to reopen the foreclosure judgment. [Dkt. 1 at 2 ¶ 6.] Instead, the Davises seek monetary damages as a result of being "prematurely evicted" from their house based on the perjured affidavits. [*Id.*]

## II.
### DISCUSSION

Countrywide argues that the Davises' claims should be dismissed because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Countrywide contends that although the Davises say that they are not trying to disrupt the underlying state court foreclosure judgment, their claims are, in fact, an attack on that judgment. Therefore, Countrywide asks this Court to apply the *Rooker-Feldman* doctrine and dismiss the case for lack of subject matter jurisdiction.

### A.  The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine gets its name from two decisions of the United States Supreme Court—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Court must consider the applicability of the *Rooker-Feldman* doctrine before considering any other affirmative defenses. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the *Rooker-Feldman* doctrine applies, the Court must dismiss the suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1),

*Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004), without considering any other defenses, *Taylor v. Fannie Mae*, 374 F.3d 529, 535 (7th Cir. 2004).

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008). Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Kelley*, 548 F.3d at 603. In short, the doctrine prevents a party from effectively trying to appeal a state court decision to a federal district court. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009).

To determine whether *Rooker-Feldman* applies, the fundamental question is whether the injury alleged by the federal plaintiff resulted from the state-court judgment itself or is distinct from that judgment. *Garry*, 82 F.3d at 1365. If the injury alleged resulted from the state-court judgment itself, the district court lacks jurisdiction. *Id.* The *Rooker-Feldman* doctrine applies not only to claims that were actually raised before the state court, but also to claims that are "inextricably intertwined" with determinations made by the state court. *Kelley*, 548 F.3d at 603. Although the Seventh Circuit has recognized that the term "inextricably intertwined" is "a somewhat metaphysical concept," the "crucial point is whether the district court is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533. That determination hinges on whether the federal claim alleges that the injury was caused by the state-court judgment or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. *Id.*

State court eviction and foreclosure proceedings have frequently been held to trigger the *Rooker-Feldman* doctrine, even when federal claims are subsequently raised in federal court. *Linner v. Wells Fargo Home Mortg., Inc.*, 2009 U.S. Dist. LEXIS 74603 (N.D. Ind. 2009) (collecting cases). Where a plaintiff alleges that the defendant committed a fraud on the state court during the underlying litigation, *Rooker-Feldman* bars the federal district court from reaching the merits of the case because it lacks subject matter jurisdiction. *See Dye v. Ameriquest Mort. Co.*, 289 Fed. Appx. 941, 943-44 (7th Cir. 2008) (citing *Taylor* for proposition that *Rooker-Feldman* applies to foreclosure case "where the homeowner alleged that, during the litigation itself, the defendant committed a fraud on the state court").

### B. The Davises' Federal Claims

The Davises argue that the *Rooker-Feldman* doctrine does not bar their claims because they do not seek to reopen or overturn the state foreclosure judgment. [Dkt. 32 at 11.] Instead, they seek monetary damages arising from Countrywide's use of the allegedly perjured affidavits to obtain the foreclosure judgment. [Dkts. 1 at 2 ¶ 6; 32 at 8.] The Davises do not contest the outcome of the state-court action but, instead, argue that Countrywide's alleged misrepresentations permitted it to prematurely obtain the foreclosure judgment. [*See* dkt. 32 at 23 (admission that "the harm caused by Defendants' actions was not that the foreclosure would have ultimately been decided differently, but that Defendants' racketeering activities permitted Defendants to obtain that judgment prematurely").]

The Davises' claims are similar to claims rejected by the Seventh Circuit in *Kelley v. Med-1 Solutions*, 548 F.3d 600 (7th Cir. 2008). In *Kelley*, state court defendants-debtors filed a claim in federal court after the state court entered judgment in favor of a plaintiff-creditor. The debtors argued that the creditor made deceptive representations and requests to the state court to

obtain attorney fees. *Id.* at 603. Although the debtors in *Kelley* "carefully crafted their argument so that their lawsuit seeks only to remedy defendants' representations and requests related to attorney fees, and not the state court judgment granting those requests," their claim was barred by *Rooker-Feldman* because all of the allegedly improper relief was granted by the state court. *Id.* at 604, 605. The Seventh Circuit held that the debtors could not prevail on their argument that their claims were independent of the state-court judgment because "[t]hey are the types of plaintiffs that *Exxon Mobil* anticipates and guards against: state court losers, who, in effect, are challenging state court judgments." *Id.* at 605 (referencing *Exxon Mobil*, 544 U.S. at 284).

In this case, as in *Kelley*, the allegedly improper relief was granted by the state court. Specifically, the Davises' alleged injury is that the state-court judgment itself was prematurely entered. As detailed in *Kelley*, this type of injury triggers the *Rooker-Feldman* doctrine. *See also Garry*, 82 F.3d at 1365 ("If the injury alleged resulted from the state court judgment itself, the district court lacks jurisdiction.").

Moreover, the Davises admit that the "fraudulent activity occurred in the foreclosure proceedings." [Dkt. 1 at 2 ¶ 6.] Addressing the merits of the Davises' arguments would require this Court to delve into the substance of the foreclosure action to determine whether Countrywide's affidavits contained misrepresentations and, if so, whether those misrepresentations impacted the timing of the state-court judgment.[3] In fact, the Davises actually raised an issue regarding alleged misrepresentations in the affidavits to the state court. [Dkt. 39-1 at 4-5.] In a motion for relief from judgment, the Davises argued that Ms. Selman and Ms. Viveros were not Countrywide employees and that the affidavits contained "misrepresentations that warrant relief from judgment." [Dkt. 39-1 at 5.] The state court denied the Davises' motion. [Dkt. 39-3 at 1.] The

---

[3] It is unclear from the record what evidence other than the affidavits Countrywide designated to support its summary judgment request.

fact that the Davises raised the alleged misrepresentations to the state court confirms that the Davises' federal claims—also based on the alleged misrepresentations—are inextricably intertwined with the state court's determinations. Because the Davises are effectively trying to appeal determinations made by the state court, this Court lacks jurisdiction over the Davises' federal claims. *See Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) ("If the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim.").

In sum, the Davises cannot circumvent *Rooker-Feldman* by simply recasting their claims as violations of federal law. *See Stanley v. Hollingsworth*, 307 Fed. Appx. 6, 9 (7th Cir. 2009) (federal plaintiff "cannot circumvent the doctrine simply by recasting his claims as violations of federal law"). The Davises seek damages based on their belief that Countrywide submitted fraudulent affidavits in state-court litigation that allowed it to prematurely obtain judgment. In doing so, the Davises are asking this Court to review the substance and timing of that judgment. This Court lacks jurisdiction over the Davises' federal claims, and the action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[4]

### III.
#### CONCLUSION

For the reasons detailed herein, the Court concludes that the *Rooker-Feldman* doctrine applies and that this Court lacks jurisdiction over the Davises' federal claims. Therefore, the Court **GRANTS** the Defendants' Motion to Dismiss and dismisses this case for lack of subject

---

[4] Because this Court does not have subject matter jurisdiction over the Davises' claims, it cannot address Countrywide's remaining arguments. *See Garry*, 82 F.3d at 1365 ("Where *Rooker-Feldman* applies, lower federal courts have no power to address other affirmative defenses."). Additionally, as detailed in footnote two, *supra*, the Court must dismiss the entire action because no one besides the Davises has a legally protected interest in the litigation at this time. *Wiesmueller*, 513 F.3d at 786; *Sheridan,* 530 F.3d at 592, 596; *Banks*, 977 F.2d at 1085-86.

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Judgment shall be entered accordingly.

03/04/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

J. William Boland
MCGUIRE WOODS LLP
wboland@mcguirewoods.com

Richard Cullen
MCGUIRE WOODS, LLP
rcullen@mcguirewoods.com

Bryan A. Fratkin
MCGUIRE WOODS LLP
bfratkin@mcguirewoods.com

Libby Yin Goodknight
KRIEG DEVAULT LLP
lgoodknight@kdlegal.com

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Bradley R. Kutrow
MCGUIREWOODS LLP
bkutrow@mcguirewoods.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com

Brian E. Pumphrey
MCGUIRE WOODS LLP
bpumphrey@mcguirewoods.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Matthew R. Strzynski
KRIEG DEVAULT LLP
mstrzynski@kdlegal.com